UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KING ARBUCKLE § | | |
|     Plaintiff, § | | |
| § | Civil Action No.  4:18-cv-644 | |
| v. § | | |
| § | | |
| SPECIALIZED LOAN SERVICING, LLC § | | |
| and WELLS FARGO BANK, N.A., § | | |
|     Defendants. § | | |

**DEFENDANT SPECIALIZED LOAN SERVICING, LLC'S
NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1332(a), 1441 and 1446, Defendant Specialized Loan Servicing, LLC ("SLS" or "Defendant") gives notice and hereby removes this action from the 417th Judicial District Court of Collin County, Texas to the United States District Court for the Eastern District of Texas, Sherman Division, and in support thereof would show unto the court the following:

**A. Introduction**

On August 29, 2018, Plaintiff King Arbuckle ("Plaintiff") filed Plaintiff's Original Verified Petition and Application for Temporary Restraining Order and Injunctive Relief ("Petition") in the 429th Judicial District Court of Collin County, Texas, styled *King Arbuckle v. Specialized Loan Servicing, LLC and Wells Fargo Bank, N.A.,* bearing Cause Number 417-04472-2018.

Plaintiff sued Defendants asserting claims for breach of contract, violation of RESPA (12 U.S.C. § 2605(f)) and Regulation X (12 C.F.R. § 1024.41) as well as violations of the Texas

Debt Collection Practices Act.[1] Plaintiff also seeks injunctive relief to prevent foreclosure and to maintain title to and possession of the property at issue.[2]

SLS has not yet been served with process in this lawsuit. Per the State Court docket sheet, Plaintiff had citation issued on September 6, 2018. However, SLS has not yet been served. Thus, Defendant timely files this notice of removal within the 30-day time dictated by 28 U.S.C. §1446(b).

The consent of Wells Fargo Bank, N.A. is not required for this removal because, upon information and belief, Wells Fargo Bank, N.A. has not been served. *See Tilley v. Tisdale,* 914 Supp. 2d 846 (E.D. Tex. 2012) (citing 28 U.S. C. § 1446(b)(2)(B)). "All defendants who have been properly joined and served must join in or consent to the removal of the action." *Id.* "Thus, a defendant who has not been properly served need not consent to removal." *Id.*

Venue is proper in this Court pursuant to 28 U.S.C. §1446 because the District Court for the Eastern District of Texas, Sherman Division, is the district and division within which this lawsuit is pending.

Pursuant to 28 U.S.C. §1446(a), attached hereto as Exhibit A and incorporated by reference is a true and correct copy of the entire file of record with the Court in the 417th Judicial District Court of Collin County, Texas, including all process, pleadings, and orders served.

Pursuant to 28 U.S.C. § 1446(d), this Notice of Removal will be filed with the 417th Judicial District Court of Collin County, Texas, and a copy of this Notice of Removal will also be served on Plaintiff. Defendant has filed contemporaneously with this Notice a civil cover sheet and separately signed certificate of interested persons and disclosure statement that complies with FED. R. CIV. P. 7.1.

---

[1] *See* Petition, ¶¶
[2] *See* Petition ¶¶ 23-25.

**B. Basis for Removal**

    I.        **Federal Question Jurisdiction**

The district courts of the United States have original jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States. *See* 28 U.S.C. § 1331. A case may be removed to federal court if it could have been brought in federal court originally. *See* 28 U.S.C. § 1441; *see also Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1,6, (2003). A claim "arises under" federal law when either: (1) the well-pleaded complaint establishes that federal law creates the cause of action; or (2) the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *See Singh v. Morris*, 538 F.3d 334, 338 (5th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)); *see also Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006).

Removal of the State Court Action is proper under 28 U.S.C. §§ 1331 and 1441, as it arises under the laws of the United States. Specifically, Plaintiff asserts a RESPA claim for violation of 12 C.F.R. 1024.41, as actionable under 12 U.S.C. § 2605(f).[3] RESPA expressly grants this Court original jurisdiction to hear such a claim. *See* U.S.C. § 2614 (any RESPA action "may be brought in any United States district court…"). Thus, Plaintiff alleges violations of federal law and his right to relief will necessarily depend upon the resolution of federal law. Accordingly, this Court has federal question jurisdiction.

    II.       **Diversity of Citizenship**

Removal in this case is also proper because this Court has diversity jurisdiction under 28 U.S.C. § 1332(a). Where there is complete diversity among parties and the amount in controversy exceeds $75,000, an action may be removed to federal court.

---

[3] *See* Petition ¶¶ 29-34.

Based upon information and belief, pursuant to public records searches and Plaintiff's Petition, Plaintiff is a citizen of Texas because he is domiciled here.[4] *See Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797–98 (5th Cir. 2007).

SLS is a citizen of Delaware and Illinois. For diversity purposes, the citizenship of a limited liability company is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1080 (5th Cir. 2008). SLS is a wholly-owned subsidiary of its sole member, Specialized Loan Servicing Holdings, LLC. Specialized Loan Servicing Holdings, LLC is a wholly-owned subsidiary of its sole member, Computershare US Services, Inc. As a corporation, Computershare US Services, Inc. is a citizen of the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 88-89 (2005). Computershare US Services, Inc. is incorporated in Delaware and maintains its principal place of business in Illinois. Accordingly, it is a citizen of Delaware and Illinois. JPMorgan Chase Bank, N.A. has no interest in the Property and has not had an interest since 2016. Accordingly, they are not a proper party to this lawsuit and should not be considered for diversity purposes.

Wells Fargo Bank, N.A. is a national banking association organized under federal law. A national bank, for diversity purposes, "is a citizen of the State in which its main office, as set forth in its Articles of Association, is located." *Wachovia Bank , N.A. v. Schmidt,* 546 U.S. 303, 307 (2006). Under its Articles of Association, Wells Fargo Bank, N.A.'s main office is located in South Dakota. Accordingly, for diversity purposes Wells Fargo Bank, N.A. is a citizen of South Dakota.

---

[4] *See* Petition, ¶ 2.

Complete diversity exists in this matter because Plaintiff (Texas), SLS (Delaware and Illinois), and Wells Fargo Bank, N.A. (South Dakota) are citizens of different states. 28 U.S.C. §1332(a).

## II.     Amount in Controversy Exceeds $75,000.

Plaintiff Seeks Injunctive Relief

The Petition seeks injunctive relief to maintain title to and possession of the property at issue. "In actions seeking declaratory relief of injunction relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). Put another way, "[t]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reinsurance Co., Ltd. V. Greenberg*, 134 F.3d 1250, 1252-1253 (5th Cir. 1998).

According to the records of Collin County Appraisal District, the property at issue has an approximate value of $352,078.00. A true and correct copy of the Property Search Results from the Collin County Appraisal District is attached hereto as **Exhibit B** and is incorporated herein, and the Court may take judicial notice of the appraised value of the Property from the Collin County Central Appraisal District's public website at http://collincad.org searching the Property address 5213 Lake Crest Dr., McKinney, Texas 75071. *See* FED. R. EVID 201; *Kew v. Bank of Am., N.A.,* No. H-11-2824, 2012 WL 1414978, at 3 n.4 (S.D. Tex. Apr. 23, 2012) (taking judicial notice of appraised value of property published on Harris County Appraisal District's website to satisfy amount in controversy requirement in removed mortgage foreclosure litigation.). Accordingly, the amount in controversy meets and exceeds the federal jurisdictional minimum of $75,000.00.

## C. Conclusion

Defendant removes this action from the 417th Judicial District Court of Collin County, Texas, to the United States District Court for the Eastern District of Texas, Sherman Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP

By:   */s/ Crystal G. Roach*
      Crystal G. Roach
      State Bar No. 24027322
      4004 Belt Line Road, Ste. 100
      Addison, Texas 75001
      (972) 386-5040
      (972) 341-0734 (Facsimile)
      crystalR@bdfgroup.com

ATTORNEYS FOR SPECIALIZED LOAN SERVICING, LLC

## CERTIFICATE OF SERVICE

I certify that a copy of this Notice of Removal has been served on all parties electronically via CM/ECF and / or by U.S. Certified Mail, return receipt delivery, the parties below on September 12, 2018.

**VIA E-service: jgh@jghfirm.com**
J. Gannon Helstowski Law Firm
John G. Helstowski
13601 Preston Road, Suite E920
Dallas, Texas 75240
*Attorney for Plaintiff*

                                                  */s/ Crystal G. Roach*
                                                    Crystal G. Roach

## LIST OF DOCUMENTS ATTACHED

A. Plaintiff's Original Petition filed August 29, 2018, Ex Parte Temporary Restraining Order and Order Setting Hearing for Temporary Injunction, Docket Sheet from Cause No. 417-04472-2018 (designated on Plaintiff's pleadings as 429-04472-2018);

B. Printout from Collin County Central Appraisal District

C. List of All Counsel of Record;

D. Notice of Filing of Notice of Removal to Federal Court filed in the 417th District Court of Collin County, Texas;

E. Disclosure Statement and Certificate of Interested Parties; and

F. Civil Cover Sheet;